United States District Court
Southern District of Texas
**ENTERED**
February 04, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER SALGAR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-4613 |
| | § | |
| KRISTIE NOEM, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Alexander Salgar is a non-citizen I-360 self-petitioner who alleges that the defendants have failed to timely adjudicate his asylum application. (Docket Entry No. 1 at 2). Salgar filed his application on August 6, 2024; attended a biometrics appointment on September 10, 2024; and was granted a prima facie determination of approval on September 26, 2024. (*Id.* at 4–5). Since then, the U.S. Citizenship and Immigration Services has not taken further "affirmative steps in adjudicating" Salgar's application. (*Id.* at 5).

Salgar seeks an order compelling the defendants to adjudicate his application, alleging a violation of the Administrative Procedure Act's requirement that administrative agencies conclude matters presented to them within a reasonable time. 5 U.S.C. § 555(b); *see id.* § 706(1) (explaining that district courts may "compel agency action unlawfully withheld or unreasonably delayed"). The defendants have moved to dismiss and, in the alternative, for summary judgment. (Docket Entry No. 6). The defendants argue that this court lacks subject-matter jurisdiction to consider Salgar's complaint and that their delay in adjudicating Salgar's petition is not unreasonable. (*Id.* at 11–21).

The defendants' motion for summary judgment, (Docket Entry No. 6), is granted on the merits.

First, this court has subject-matter jurisdiction over the plaintiff's complaint. This court recently ruled that it has subject-matter jurisdiction to review similar complaints of unlawful agency delay because "5 U.S.C. § 555(b) imposes a nondiscretionary duty on USCIS to adjudicate asylum applications within a reasonable time." *Cotto Rivas v. U.S. Dep't Homeland Sec.*, No. 25-435, ECF No. 28 at 1 n.1 (S.D. Tex. Jan. 12, 2026) (citing *Ahmed v. Bitter*, 727 F. Supp. 3d 630, 636 (S.D. Tex. 2024)).

Second, the defendants have not unreasonably delayed in adjudicating Salgar's application. Salgar's application has been pending for 17 months. (*See* Docket Entry No. 1 at 4–5). But the "current estimated processing time for VAWA I-360 self-petitions is 45 months." (Docket Entry No. 6-1 at 5). "While the court sympathizes with" Salgar's "frustration, it is a frustration shared by" many in his position. *Ayana v. Jaddou*, No. CV H-23-2937, 2023 WL 8936700, at *4 (S.D. Tex. Dec. 27, 2023). "To give him an accelerated place in line would add to the wait another would endure." *Id.* Salgar's application is well within the normal processing times for similar petitions. It is also well within the four-to-five-year period in which courts have concluded that agency delay is reasonable. *See, e.g.*, *Teymouri v. U.S. Citizenship and Immigrations Servs.*, No. CV 22-7689, 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022) (five-year delay not unreasonable); *Maxhuni v. Mayorkas*, No. 23-cv-09076, 2024 WL 3090165 (S.D.N.Y. June 20, 2024) (almost five-year delay not unreasonable); *Yavari v. Pompeo*, No. 2:19-cv-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) (collecting cases and noting that district courts in California had generally found that "immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are not unreasonable."). Salgar offers no

record evidence or similar case that shows that the defendants have unreasonably delayed in adjudicating his application.

For these reasons, the defendants' motion for summary judgment, (Docket Entry No. 6), is granted. The court will enter separately a final judgment.

SIGNED on February 2, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge